**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*<br><br>Plaintiffs,<br><br>v.<br>DELOITTE, *et al.*,<br><br>Defendants. | ) | Case No. 1:21-cv-00688-RLY-MJD<br><br>**UNDER SEAL** |
| COMMONWEALTH OF KENTUCKY<br>TOWN OF BAY HARBOR ISLANDS<br><br>Interested Parties<br><br>LUCRETIA BRINSON,<br><br>Relator. | ) | |

**THE STATE OF INDIANA'S RESPONSE IN OPPOSITION TO**
**REALTOR'S MOTION TO UNSEAL COMPLAINT**

For its response in opposition to Relator's Motion to Unseal Complaint (the "Relator's Motion"), which was filed by Relator Lucretia Brinson ("Brinson"), (Dkt. No. 41), Plaintiff, the State of Indiana ("Indiana" or the "State"), by counsel, states as follows:

1. Brinson's sole argument in favor of the Relator's Motion is the United States filed a Notice of Election to Decline Intervention where the United States made a request to lift the seal. (Dkt. No. 28). Although the argument contains a grain of truth, it omits a bushel of contextual facts that compel denying her Motion,

beginning with the fact the Court never issued the Proposed Order the United States provided the Court. (Dkt. No. 28-1).

2. Additionally, Brinson completely ignores the Order issued by the Court on April 1, 2022, (Dkt. No. 37), granting the extension of the seal sought by the State in its Motion for Enlargement of Time in which to Intervene (the "State's Motion") filed on March 30, 2022, wherein the State, on its own behalf and on the behalf of the other Named Plaintiff States[1], sought an extension of the seal until July 5, 2022. (Dkt. No. 34).

3. Brinson completely ignores the fact she had prior notice and the opportunity to object to the State's Motion. On March 28, 2022, the undersigned, on behalf of the State and the other Named Plaintiff States, prior to filing the State's Motion, sent an email to the email address provided to the Court by Brinson's counsel (Keith.mosley@mosley-law.com ) in an attempt to contact Brinson's counsel to secure his consent. (Dkt. No. 34).

4. Although her objection, if it had been expressed, could have possibly been weighed in the Court's consideration of the State's Motion, it could not have

[1] The Named Plaintiff States are the states named in Counts III – LXIII in the Amended Complaint filed on April 15, 2022. DKT. No. 39. These are the states of Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, along with the District of Columbia, Puerto Rico, and the Virgin Islands.

had a determinative effect. This is because the seal period is "intended to allow the [State] an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the [State] is already investigating and whether it is in the [State's] interest to intervene and take over the civil action." *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.36 995, 998 – 999 (2nd Cir. 1995) (citing S.Rep. No. 345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S.C.C.A.N. 5266, 89).[2]

5. Brinson completely ignores the fact that she has confounded the purposes of the seal period, through what she has done and failed to do.

6. Brinson completely ignores the fact that she has failed to serve Indiana properly. On November 9, 2021, the Indiana MFCU received several documents from Brinson's counsel:

a. Two almost identical Complaints, one of which was captioned as if it had been filed in a Marion County Court; the other was captioned as if it were filed in this Court[3]. Neither Complaint contained a cause number. Both were signed and dated by Brinson's counsel on April 19, 2021.

---

[2] The Court may look to the FCA for guidance on an analysis of the IMFCA because the IMFCA "mirrors the Federal FCA in all material respects." *United States ex rel. Robinson v. HealthNet, Inc.*, No. 1:19-cv-04258-JRS-DML, 2022 WL 623373, at *2 (S.D. Ind. Mar. 3, 2022) (citation omitted).

[3] On February 1, 2022, the Court issued a *nunc pro tunc* order, treating the Complaint filed in case number1:21-cv-00986-RLY-MJD as an Amended Complaint in this action with a filing date of April 21, 2021. (Dkt. No. 15). It was not until then that Indiana learned the Complaint with a federal court caption it received in November 2021 was related to this action.

b. A document labeled Table of Contents – Excerpts of Exhibits, without any exhibits being attached.

c. A document purporting to be a summons[4] containing the cause number of this action that was signed and dated by Brinson's counsel on October 31, 2021.

None of these documents named the Defendants, therefore the attempt at service on the Attorney General failed. None of the documents were served on the Indiana Inspector General. It was not until after the undersigned filed his appearance on November 12,2021, (Dkt. No. 9), that the State was able to ascertain that the defendants in this action were Deloitte and the United States Department of Health and Human Services. At that time, the docket indicated the original *pro se* complaint, (Dkt. No. 1), was the operative complaint in this cause number.

7. On February 1, 2022, the Court's *nunc pro tunc* Order (Dkt. No. 15). gave the Indiana Attorney General's Office actual notice the Complaint with a federal court caption it received in November 2021 was related to this action and should be treated as an Amended Complaint. However, that notice did not relieve

[4] Although titled "Summons," the document was deficient in that it did not name the defendant, was not signed by the clerk, and did not bear the court's seal. Fed. R. Civ. P. No. 4 (a)(1). Because the complaint identifies Indiana as a plaintiff, it is unclear why Brinson attempted to serve a summons upon Indiana. In any event, Indiana does not admit that this document constitutes sufficient process, or that counsel mailing it to the Indiana Attorney General constitutes sufficient service of process. "An unsigned summons may demonstrate a flagrant disregard for the rules and fails to assure the [recipient] that the summons was actually issued by the court clerk and not by plaintiff or attorney." *Aim Telephones, Inc. v. AG Commc'ns*, 1988 WL 133444, at *2 (D.N.J. Dec. 12, 1988).

Brinson of her duty to serve the complaint on the Attorney General and in any event, Brinson did not attempt service of the complaint on the Inspector General. Additionally, Brinson still has failed to provide a written disclosure that describes all relevant material evidence and information she possesses on either the Attorney General or the Inspector General.

8. Brinson completely ignores the fact she has not properly served any other of the Named Plaintiff States, almost all of which do not know who the Defendant is.

9. On February 22, 2022, without having contacted the undersigned, Brinson filed a Motion to Compel. (Dkt. 19). The Motion sought an Order from this Court compelling the undersigned to fully disclose to this Court a status report and any CIDs that have been produced. The undersigned explained the impropriety of the Motion, requested that the Motion be withdrawn, and provided notice that neither Indiana nor any of the states listed in the caption have been properly served.

10. In response to the undersigned's notice of insufficient service on the states listed in the caption, Brinson filed a Submission of Summons issued on March 1, 2022. (Dkt. 24). The "Summons" was like that served on Indiana on November 9, 2021, except that it directed the recipient to obtain the complaint and excerpts of evidence can be accessed by submitting a Notice of Appearance to Assistant United States Attorney Rachana N. Fischer and the Clerk of the Court for the United States District Court for the Southern District of Indiana. Brinson

certified that service was mailed on February 25, 2022, to Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming, along with the District of Columbia, Guam, Puerto Rico, and the Virgin Islands.

11. The undersigned, who has been coordinating communications on behalf of the State and the other Named Plaintiff States, informs the Court that as of this date, none of the other Named Plaintiff States has reported that it has been properly served under its respective state statutes.

12. Brinson completely ignores the fact that she stated an intent to have the case dismissed. The undersigned, on behalf of the State and the other Named Plaintiff States, informs the Court that Brinson, on her own behalf, gave the State notice via a fax on March 31, 2022, that she has decided to dismiss her action. A true copy of that fax is attached at Dkt. 42-1.

13. The undersigned left voicemail messages for Brinson's counsel, each asking to discuss the notice and how to proceed, at the telephone number provided to the Court on four separate occasions (April 2, 2022, at 10:32 am; April 6, 2022, at 3:37 pm; April 8, 2022, at 10:28 am and 4:44 pm). Brinson's counsel has not replied.

14. The undersigned sent emails to Brinson's counsel, each asking to discuss the notice and how to proceed, at the email address provided to the Court on two additional occasions (April 5, 2022, and April 7, 2022). Neither email elicited a response.

15. Brinson completely ignored the Rules of this Court when on April 15, 2022, Brinson filed a document titled "Amended Complaint". (Dkt. No. 39). Given that the Court's *nunc pro tunc* Order (Dkt. No. 15), designated the Complaint and attached exhibits in 1:21-cv-00986-RLY-MJD [Dkt. 1 and 1-1] as an Amended Complaint in this cause with a filing date of April 21, 2021, Brinson's filing was an amendment without leave of the Court in contravention of Rule 15 of the Federal Rules of Civil Procedure.

16. This amendment without leave seeks to add counts for forty (40) states. The undersigned, on behalf of the State and the other Named Plaintiff States, informs the Court that almost all of the counts alleging claims on behalf of Named Plaintiff States are mere recitations of the various statutes without any allegations of facts regarding the claims.

17. The undersigned, on behalf of the State and the other Named Plaintiff States, informs the Court that eighteen (18)[5] of the Named Plaintiff States do not have *qui tam* statutes; therefore, Brinson has no standing to bring claims on their behalf. Despite the Commonwealth of Kentucky's Motion to Dismiss, (Dkt. No. 27),

---

[5] The Named Plaintiff States without *qui tam* statutes are Alaska, Arizona, Arkansas, Idaho, Kansas, Kentucky, Maine, Missouri, Nebraska, North Dakota, Ohio, Oregon, Pennsylvania, South Carolina, Utah, West Virginia, Wisconsin, and Wyoming.

to which Brinson has failed to respond, Brinson still includes the Commonwealth among the Named Plaintiff States.

18. Brinson completely ignores the need to serve the Named Plaintiff States, to give each and every state the opportunity to investigate the claims she may have properly stated, if any, and make a decision on intervention.

WHEREFORE, the State of Indiana requests the Court set this matter for an *in camera* hearing in chambers, and after the parties have been heard, deny Relator's motion.

Dated: April 23, 2022

Respectfully submitted,

STATE OF INDIANA
THEODORE E. ROKITA
Attorney General
Attorney No. 18857-49

/s/ Lawrence J. Carcare II
Lawrence J. Carcare II
Indiana Attorney No. 18557-49
Deputy Attorney General
Office of the Indiana Attorney General
Medicaid Fraud Control Unit
8720 Castle Creek Parkway East Dr.
Suite 250
Indianapolis, IN 46250
Tel: (317) 915-5319
Lawrence.Carcare@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of April 2022, a copy of the foregoing was served upon Counsel by means of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/ Lawrence J. Carcare II
Lawrence J. Carcare II
Indiana Attorney No. 18557-49
Deputy Attorney General
Office of the Indiana Attorney General
Medicaid Fraud Control Unit
8720 Castle Creek Parkway East Dr.
Suite 250
Indianapolis, IN 46250-1946
Tel: (317) 915-5319
Lawrence.Carcare@atg.in.gov