UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *et al.*, Plaintiffs, | ) | |
| v. | ) | No. 1:21-cv-00688-RLY-MJD |
| DELOITTE *et al.*, Defendants. | ) | |

**ENTRY DENYING RELATOR'S MOTION TO REOPEN**

This was a *qui tam* action brought pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq*. On July 5, 2022, Relator Lucretia Brinson moved for voluntary dismissal of the action with prejudice to herself and without prejudice to the United States of America, the Commonwealth of Kentucky, the States of California, Florida, Georgia, Illinois, Indiana, Louisiana, Michigan, Rhode Island, Tennessee, and Washington (collectively, the "States"), and the Town of Bay Harbor Islands, Florida. (Filing No. 52). The United States filed a separate consent to dismissal, (Filing No. 53), and so did the Commonwealth of Kentucky, the States, and the Town of Bay Harbor Islands, (Filing No. 54). Accordingly, on August 4, 2022, the court granted Relator's motion to voluntarily dismiss the action with prejudice to herself and without prejudice to the United States, the Commonwealth of Kentucky, the States, and the Town of Bay Harbor Islands. (Filing No. 56).

Relator now seeks to reopen this case. As best the court can tell, Relator argues (1) she mistakenly moved for voluntary dismissal of her claim *with prejudice* in reliance on a draft motion provided by counsel for the State of Indiana, and (2) she would not have moved to dismiss the case had she been aware of a hearing set before Magistrate Judge Dinsmore on July 15, 2022. Relator states her counsel never received notice of the hearing by U.S. Mail.[1]

Relator's motion to reopen is properly construed as a motion for relief from the court's order dismissing the action. Relator argues she has a "compelling case" for relief under Federal Rules of Civil Procedure 60(a), 60(b)(1)–(5), and 60(c). The court is doubtful. *See Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 F. App'x 744, 747 (7th Cir. 2012) ("[I]t's hard to see how relief under Rule 60(b) would ever be available for a plaintiff . . . who has made a conscious, deliberate decision to dismiss a lawsuit."). In any event, Relator "fails to set forth any argument or cite any cases supporting relief on any of [the above] grounds." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). The court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Id.* Relator's Motion to Reopen (Filing No. 57) is therefore **DENIED**.

**IT IS SO ORDERED** this 5th day of June 2023.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

[1] The court does not send its orders by U.S. Mail to parties represented by counsel. The court files electronically any document it issues. A notice of electronic filing is immediately generated and emailed to all ECF users. *See* S.D. Ind. Local Rule 5-5.

Distributed Electronically to Registered Counsel of Record.